UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.  No. 3:13-cr-00178 (JAM)

KENYA MALCOLM

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR TRAVEL, LODGING AND SUBSISTENCE

Defendant Kenya Malcolm, who has been released on bail pending trial, seeks an order requiring the United States Marshals Service to arrange for her non-custodial transportation from Arizona (where she resides) to Connecticut (where she has been indicted in this criminal case). Defendant further requests that the Court order the Marshals Service to arrange lodging and subsistence for her during jury selection and trial. Since defendant's motion was filed, the Court has been advised by counsel that this matter is likely to be resolved by a plea agreement, and the Court intends to conduct a change-of-plea hearing on March 12, 2015.

For cases in which a defendant resides outside the district where a federal criminal case is pending, federal law provides in relevant part that "when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, [the judge or magistrate judge may] direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required." 18 U.S.C. § 4285. The Court concludes that defendant has adequately demonstrated that she is unable to pay for her

1

transportation and lodging, as shown by her financial affidavit (Doc. #163) and by the fact that she has been deemed indigent and provided with a court-appointed lawyer pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. It does not appear that defendant has the financial means to travel 2,000 miles across the country, nor is there any indication that she could afford the cost of her lodging while staying in Connecticut. There is also a basic safety concern, because it appears that defendant has very significant health problems that require dialysis treatment. Accordingly, in the interest of justice, defendant's motion is granted as follows. Pursuant to 18 U.S.C. § 4285, the Court hereby orders the United States Marshals Service to furnish (or reimburse) fare for defendant's travel from Arizona to Connecticut for purposes of defendant's attendance at a change-of-plea hearing.

The Court understands that it does not have authority under 18 U.S.C. § 4285 to order the Marshals Service to furnish return fare or to provide food or lodging for defendant during her stay in Connecticut. *See, e.g.*, *United States v. Ibarra*, 2014 WL 4352063 (S.D. Cal. 2014). Nonetheless, at least one other district court has concluded that it is appropriate to authorize the expenditure of CJA funds for the purpose of defendant's lodging under limited circumstances. *See United States v. Mendoza*, 734 F. Supp. 2d 281, 286–87 (E.D.N.Y. 2010) (holding that CJA funds may be used for lodging a defendant under trial if necessary for adequate representation). The CJA permits counsel to be reimbursed for "services necessary for an adequate representation." 18 U.S.C. § 3006A(e)(1). The Court finds that on the extenuating facts of this unusual case, this provision may be fairly interpreted to authorize the expenditure of CJA funds to allow for defendant's presence, adequate representation, and safety in connection with her appearance for a judicial proceeding in the District of Connecticut. Accordingly, defense counsel may arrange for modestly-priced lodgings, a single subsistence payment of $100, and to pay for

the return portion of defendant's airfare, all to be reimbursed with CJA funds. *See Mendoza,* 734 F. Supp. 2d at 286–87.

At this time, the Court only authorizes counsel to expend funds in this manner for purposes of defendant's attendance at a change-of-plea hearing. In the unanticipated event that this case proceeds to trial, the Court will revisit this issue. If additional facts surface to show that defendant's financial statement is not true, then defendant will be subject to an order of reimbursement and other sanction.

It is so ordered.

Dated at Bridgeport this 5th day of March 2015.

                                       */s/ Jeffrey Alker Meyer*
                                       Jeffrey Alker Meyer
                                       United States District Judge